IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JULIAN CABRERA                    §
(BOP Register No. 49453-177),     §
                                  §
          Movant,                 §
                                  §
V.                                §          No. 3:16-cv-2684-D-BN
                                  §
UNITED STATES OF AMERICA,         §
                                  §
          Respondent.             §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* collateral action docketed as an action under 28 U.S.C. § 2255 has

been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from United States District Judge Sidney

A. Fitzwater. The undersigned issues the following findings of fact, conclusions of law,

and recommendation that, for the reasons stated below, the Court should dismiss this

action without prejudice pursuant to Federal Rules of Civil Procedure 41(b).

**Applicable Background**

On September 20, 2016, the Court received and docketed Movant Julian

Cabrera's handwritten-four-to-five-sentence motion citing 28 U.S.C. § 2255. *See* Dkt.

No. 3. On September 22, 2016, the undersigned issued a notice of deficiency and order

noting that, to the extent that Cabrera seeks relief under Section 2255, such a motion

must be filed on the appropriate form. *See* Dkt. No. 4 (citing Rule 2, RULES GOVERNING

SECTION 2255 PROCEEDINGS). Out of an abundance of caution, given the meagerness

-1-

of Cabrera's construed Section 2255 motion, the Court also elected to issue the warnings discussed by the United States Supreme Court in *Castro v. United States*, 540 U.S. 375, 383 (2003) (holding that a district court should not recharacterize a *pro se* post-conviction motion as a first Section 2255 motion absent notice and warning to the defendant as to the consequences of that recharacterization).

Therefore, pursuant to *Castro*, the Court advised Cabrera that any Section 2255 motion that he files in the future will be subject to the restrictions imposed on second or successive motions. *See* Dkt. No. 4 (citing 28 U.S.C. § 2244(b)(3)(A); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000)). Through the Court's September 22, 2016 order, Cabrera was afforded the opportunity to withdraw the Section 2255 motion or amend that motion so that it contains all of the grounds for relief that he believes he has available under Section 2255. *See id.* And he was ordered to taker either action no later than October 24, 2016. *See id.*

Cabrera also was warned that his failure to take either action by that date could result in a recommendation that this action be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey orders of the Court.

As of today, it is more than two months past the deadline for Cabrera to comply with the Court's order, and he has yet to do so or otherwise contact the Court.

### Legal Standards and Analysis

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v.*

*Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). Under the same rule, a district court also "may *sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v.*

*City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

Like all rules in the Federal Rules of Civil Procedure, Rule 41(b) generally applies to Section 2255 proceedings. *See* Rule 12, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *see, e.g. Brown v. United States*, Nos. A-11-CA-155 LY, (A-04-CR-268 LY), 2011 WL 1899790 (W.D. Tex. May 19, 2011) (dismissing motion the court recharacterized as one under Section 2255 after issuance of *Castro* warnings without prejudice under Rule 41(b), after noting that "[i]t is ... well established that '[a] district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order'" (quoting *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998))).

By neither withdrawing the Section 2255 motion nor filing an amended motion on the required form by the Court-imposed deadline, Cabrera has prevented this action from proceeding, and he therefore has failed to prosecute his lawsuit and obey the Court's order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Cabrera decides comply with the Court's order. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

### Recommendation

The Court should dismiss this action without prejudice pursuant to Federal Rule

of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 5, 2017

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE